FILED
JUN 15 2000
U.S. DISTRICT COURT
CLERK'S OFFICE
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| JA RO JONES | § | |
| | § | |
| VS. | § | CIVIL NO. A-00-CA-278 JN |
| | § | |
| UNITED STATES GOLF ASSOCIATION, INC. | § § | |

**ORDER**

Before the Court is Plaintiff Jones' Application for Preliminary Injunction. On June 14, 2000, the Court conducted a hearing in open court and heard arguments on this matter. Upon consideration of the arguments presented at the hearing, the evidence submitted, the briefs filed, the United States of America's *amicus curiae* brief, the applicable legal authority and the entire case file, the Court enters the following Order.

I. Factual Background

Plaintiff Jones is a skilled golfer who suffers from Post Polio Syndrome. This disability[1] forces Plaintiff to use a cart to play golf. In all other ways he qualifies to participate in the qualifying round of the United States Senior Open Golf Championship ("Senior Open"). The United States Golf Association ("USGA") does not allow the use of golf carts in the Senior Open. Plaintiff Jones filed suit pursuant to Title III of the ADA seeking an injunction requiring the USGA to allow him to use a cart to play in the United States Senior Open and its qualifying round.

II. Laches

As a preliminary matter, the USGA pleads the defense of laches to Plaintiff's application for

---

[1] The parties stipulated that Plaintiff Jones is disabled within the meaning of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.* ("ADA").

39

preliminary injunction. Essentially the USGA argues that Plaintiff Jones has known for over three years, since he first applied for a waiver of the no-cart rule, that he would not be granted leave to use a cart in the Senior Open. USGA argues that filing suit at this late date, mere days before the qualifying round, has prejudiced its right to present a defense. Upon consideration of the Defendant's arguments and pursuant to the elements necessary to prove laches as set forth in *National Ass'n of Govern. Emp. v. City Pub. Serv.*, 40 F.3d 698, 708 (5th Cir. 1994), the Court finds there was no undue delay on the Plaintiff's part and that there is no undue prejudice on the Defendant's ability to present a defense. Therefore, the Court finds that Defendant's laches argument is without merit.

II. Preliminary Injunction

To obtain a preliminary injunction, the Plaintiff must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the relief is not granted; (3) that granting injunctive relief will not result in even greater harm to the other party; and (4) that granting relief will be in the public interest. *United Offshore Co. v. S. Deepwater Pipeline*, 899 F.2d 405, 407-08 (5th Cir. 1990).

Plaintiff's cause of action is based upon Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* Upon review of the ADA and the relevant cases, particularly *Martin v. PGA Tour, Inc.*, 204 F.3d 994 (9th Cir. 2000); *Olinger v. United States Golf Ass'n*, 205 F.3d 1001 (7th Cir. 2000); and *Johnson v. Gambrinus Co./Spoetzl Brewery*, 116 F.3d 1052 (5th Cir. 1997), the Court finds that Plaintiff has demonstrated a substantial likelihood of success on the merits. The Court further finds that Plaintiff has demonstrated a substantial threat of irreparable harm because Plaintiff Jones' condition is worsening and this is in all likelihood his last opportunity to compete in the

Senior Open. *See* Affidavit of Ja Ro Jones. The Court finds that granting injunctive relief will not result in harm to the USGA. Finally, the Court finds that the public interest weighs in favor of granting injunctive relief.

No arguments were made concerning bond. A district court may elect not to require bond. *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996). Accordingly, the Court finds no bond is required in this case.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the USGA is hereby ENJOINED from prohibiting Plaintiff Ja Ro Jones from using a golf cart during the Senior United States Open Golf Championship and its qualifying round.

IT IS FURTHER ORDERED that no bond shall be required.

SIGNED AND ENTERED this _____ day of June, 2000.

JAMES R. NOWLIN
CHIEF UNITED STATES DISTRICT JUDGE

3